**FILED**

**JUN 2 4 2016**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SOULEYMANE SOUMAHORO,
4998 Battery Lane Apt 407,
Bethesda, MD 20814,
Tel: (405) 889-7416
<u>Plaintiff,</u>

VS.

JEH CHARLES JOHNSON, The United States
Secretary of the Department of Homeland
Security ("DHS"), in his official capacity as
well as his successors and assigns,
245 Murray Lane, S.W., Building 410,
Washington, D.C. 20528

LEON RODRIGUEZ, Director, United States
Citizenship and Immigration Services
("USCIS"), in his official capacity as well as
his successors and assigns,
20 Massachusetts Avenue, N.W.,
Washington, D.C. 20529

DAVID L. ROARK, Director, Texas Service
Center, U.S. Citizenship and Immigration
Services, in his official capacity as well as his
successors and assigns,
Texas Service Center, P.O. Box 851488 –
Dept. A,
Mesquite, TX 75185

<u>Defendants.</u>

**Case: 1:16-cv-01289**
**Assigned To : Leon, Richard J.**
**Assign. Date : 6/24/2016**
**Description: Pro Se Gen. Civil (F Deck)**

**RECEIVED**

**JUN 2 4 2016**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

## COMPLAINT FOR WRIT OF MANDAMUS

The Plaintiff, SOULEYMANE SOUMAHORO, complains of the Defendants, JEH CHARLES

JOHNSON, Secretary, U.S. Department of Homeland Security; LEON RODRIGUEZ, Director,

U.S. Citizenship and Immigration Services; and DAVID L. ROARK, Director, U.S. Citizenship

and Immigration Services, Texas Service Center, as follows:

### I.     INTRODUCTION

1. This is a mandamus action brought against the Defendants and those acting under the

   Defendants' direction to compel action on Plaintiff's I-485 Application, filled by Plaintiff on

   or about March 9, 2011, over five (5) years ago.

### II.     JURISDICTION

2. This Honorable Court has subject matter jurisdiction over the claims alleged in this action

   under 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in

   the nature of mandamus to compel an officer or employee of the United States or any agency

   thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8

   U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject

   matter jurisdiction).

3. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative

   Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable

   time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of

   the parties or their representatives and within a reasonable time, each agency shall proceed to

   conclude a matter presented to it." USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v.*

   *FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the

APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act 'within a reasonable time,' 5 U.S.C. § 555(b), and authorizes a reviewing court to 'compel agency action … unreasonably delayed,' 5 U.S.C. § 706(1)").

4. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of the Act[.]" As the present action does not seek review of a removal order but is simply an action to compel USCIS to adjudicate the Plaintiff's unreasonably delayed application, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. *See Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) ("[T]here is … significant district court authority holding that [8 U.S.C.] § 1252(a)(2)(B)(ii) does not bar judicial review of the pace of application processing of the failure to take action.").

5. Furthermore, INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General of the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because adjudication of a properly filed adjustment of status application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus

3

jurisdiction over this claim. *See Liu*, 509 F. Supp. 2d at 9 (holding that "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); *see also Villa v. U.S. Department of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."; *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."). Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, e.g., Shahid Khan v. Scharfen*, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); *Jones v. Gonzales*, Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

6.  Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security shall be charged with administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status … shall be interviewed by an immigration officer." 8 C.F.R. § 245.6. The regulations further provide that "the applicant shall be notified of the decision of the director and, if the application is denied, the reasons

4

for the denial." 8 C.F.R. § 245.2(a)(5)(i). The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications for adjustment of status pending before them. *See Matter of Sealed Case*, 151 F. 3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F. 2d 135, 138 (4th Cir. 1988).

7. As set forth below, the delay in processing the Plaintiff's properly filed application for adjustment of status is unreasonable.

### III. VENUE

8. Venue is properly with this Honorable Court, pursuant to 28 U.S.C. § 1391(e), because:

   a. Defendants Secretary JEH CHARLES JOHNSON and LEON RODRIGUEZ are both officers of the DHS. Defendant JOHNSON is responsible for the operation of the DHS and Defendant RODRIGUEZ is the Director of USCIS, a sub-agency of the DHS. The DHS and USCIS are both headquartered in the District of Columbia. Defendants JOHNSON and RODRIGUEZ perform a significant amount of their official duties in the District of Columbia and reside, for purposes of venue, within the District of Columbia;

   b. Defendant DAVID L. ROARK is an officer of the DHS and is the Director of the Texas Service Center of the USCIS where Plaintiff has filed his application for adjustment of status. Defendant ROARK retains jurisdiction over Plaintiff's I-485 Application, subject to the discretion of Defendant LEON RODRIGUEZ, who resides in the District of Columbia;

5

    c. A substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred within the offices of the DHS and USCIS, which are all headquartered in the District of Columbia.

## IV.    PARTIES

9. Plaintiff SOULEYMANE SOUMAHORO, a native and citizen of Cote d'Ivoire, entered the United States on <u>August 12, 2008</u> as a nonimmigrant J1 Exchange Visitor. Plaintiff SOULEYMANE SOUMAHORO was granted asylum by an Immigration Judge ("IJ") on <u>February 4, 2010</u>.

10. Defendant JEH CHARLES JOHNSON is the Secretary of the DHS and this action is brought against him in his official capacity, as well as his successors and assigns. The DHS Secretary is charged with overseeing the DHS and with implementing the Immigration and Nationality Act ("INA"). He is further authorized to delegate certain powers and authority to subordinate employees of the DHS pursuant to 8 U.S.C. § 2.1. More specifically, the DHS Secretary is responsible for the adjudication of adjustment of status applications for aliens granted asylum status pursuant to § 209(b) of the INA, 8 U.S.C. § 1159, 8 CFR § 209.2. The USCIS is an agency within the DHS to whom the DHS Secretary's authority has in part been delegated and is subject to the DHS Secretary's supervision.

11. Defendant LEON RODRIGUEZ is the Director of USCIS and is named herein in his official capacity, as well as his successors and assigns. He is generally charged with supervisory authority over all operations of the USCIS, and is further authorized to delegate certain powers and authority to subordinate employees of USCIS. USCIS is specifically assigned the adjudication of I-485 Applications.

12. Defendant DAVID L. ROARK is the Director of the Texas Service Center of the USCIS and is named herein in his official capacity, as well as his successors and assigns. He is generally charged with supervisory authority over all operations of the USCIS within his District. The I-485 Application in question remains pending at the Texas Service Center. See Pending Case Status from USCIS's website (last visited June 22, 2016), a copy of which is attached and incorporated hereto as Exhibit A.

## V.     BACKGROUND

### A. Process to Become an Asylee and Adjust Status to Lawful Permanent Resident

13. An alien who arrives in the United States or who is physically present in the United States, regardless of his immigration status, may apply for asylum pursuant to 8 U.S.C. § 1158. The asylum seeker may obtain asylum through either an affirmative process or a defensive process.

14. In the affirmative process, the intending asylee must file the Form I-589 with USCIS and appear before an Asylum Officer for a non-adversarial interview. The USCIS will determine whether the petitioner is eligible to apply for asylum, meets the definition of a "refugee" pursuant § 101(a)(42)(A) of the INA, and is barred from being granted asylum under § 208(b)(2) of the INA.

15. An applicant who is determined to be ineligible at the end of the affirmative process is placed into the defensive asylum process, in which an IJ hears his or her case in adversarial proceedings. In order to grant an application for asylum, the IJ must determine that the petitioner qualifies as a "refugee," and there are no statutory bars, including involvement in "terrorist activity" pursuant § 1158(b)(2)(A)(v), that preclude the applicant from obtaining asylum.

16. After being granted asylum, the intending immigrant may file an I-485 Application to adjust status to become a Lawful Permanent Resident (LPR) pursuant 8 U.S.C. § 1159.

**B. Case History**

17. After his admission to the United States on <u>August 12, 2008</u>, Plaintiff SOULEYMANE SOUMAHORO filed an I-589 Application for asylum on or about <u>June 15, 2009</u>. See USCIS Form I-797C, Receipt Number ZHN-09-000-06320 dated <u>June 18, 2009</u>, a copy of which is attached and incorporated hereto as <u>Exhibit B</u>.

18. On <u>July 7, 2009</u>, an Asylum Officer in the USCIS's Houston Asylum Office interviewed the Plaintiff regarding his asylum application. The Asylum Officer denied Plaintiff's asylum application because he found that Plaintiff's claim was not credible due to "material inconsistency(ies) within [Plaintiff's] testimony and application and/or other evidence," and "material inconsistency(ies) within [Plaintiff's] testimony." As a result of the Asylum Officer's findings, the USCIS did not grant Plaintiff's asylum application and referred his asylum case to an IJ. See USCIS Referral Notice dated <u>July 15, 2009</u>, a copy of which is attached and incorporated hereto as <u>Exhibit C</u>.

19. On <u>September 15, 2009</u>, Plaintiff appeared before an IJ and renewed his asylum claim. See Notice of Hearing in Removal Proceedings dated <u>August 17, 2009</u>, a copy of which is attached and incorporated as <u>Exhibit D</u>.

20. On <u>February 4, 2010</u>, Plaintiff's asylum hearing before the IJ was held and the IJ determined that Plaintiff's claim was generally credible. As a result of his findings, the IJ granted Plaintiff asylum. The government did not appeal this decision. See the IJ Decision granting asylum to Plaintiff, a copy of which is attached and incorporated as <u>Exhibit E</u>.

21. On or about <u>March 9, 2011</u>, Plaintiff filed his I-485 Application for adjustment of status. See USCIS Form I-797C, Receipt Number SRC-11-901-35674 dated <u>March 10, 2011</u>, a copy of which is attached and incorporated hereto as <u>Exhibit F</u>.

22. Plaintiff has complied with all requests made by USCIS to complete all of the necessary biometrics appointments required by the USCIS. See USCIS Form I-797C dated <u>March 17 2011</u>, and USCIS Form I-797C dated <u>August 1, 2012</u>, true and correct copies of which are attached and incorporated hereto as <u>Exhibit G</u>.

23. Plaintiff has made numerous inquiries to USCIS regarding the status of his I-485 Application for Adjustment of Status, in the five-plus years since it was filed.

24. On <u>December 2, 2011</u>, Plaintiff received a letter from USCIS stating that his I-485 Application had been placed on hold for lack of jurisdiction, due to a possible inadmissibility under § 212(a)(3)(B) of the INA. The letter also states that action is being held "in abeyance" while the Secretary of Homeland Security considers additional exercises of "discretionary exemption authority," that might allow USCIS to approve Plaintiff's case. See Letter from USCIS dated <u>December 2, 2011</u>, a true and correct copy of which is attached and incorporated hereto as <u>Exhibit H</u>.

25. On <u>May 21, 2013</u>, Plaintiff's attorney filed on his behalf an amendment to the answer to Part 3, Question 15 b of Form I-485. To the question whether he has "ever served in any prison, jail, prison camp, detention, facility, or any other situation that involved detaining persons," the Plaintiff marked "Yes" when it should be "No." Plaintiff mistakenly believed that the question asked whether he had *served time* in a jail. Plaintiff has been arrested and detained on various occasions due to his ethnicity and so marked "Yes." In the amendment, Plaintiff provided a sworn statement that he has never had any military, weapons, or combat training.

He also swears that he has never "Served in any prison, jail, prison camp, detention facility, labor camp, or any other situation that involved detaining persons." See amendment filed by attorney on <u>May 21, 2013</u>, a copy of which attached and incorporated hereto as <u>Exhibit I</u>.

26. On <u>November 21, 2014</u>, in response to an email inquiry that the Plaintiff had made on <u>November 3, 2014</u>, regarding his I-485 Application, USCIS stated that the Plaintiff's involvement with the Federation of Students in Cote d'Ivoire (FESCI) and the *Mouvement Patriotique de Cote d'Ivoire* (MPCI) was the reason why his I-485 Application had been placed on hold "for inadmissibility relating to INA 212(a)(3)(B)". Specifically, USCIS had determined that "FESCI and MPCI met the definition of an undesignated (Tier III) terrorist organization and MPCI meets the definition of an undesignated (Tier III) terrorist organization prior to <u>April 4, 2007</u>." See email correspondences dated <u>November 3, 2014</u> and <u>November 21, 2014</u>, true and correct copies of which are attached and incorporated hereto as <u>Exhibit J</u>.

27. The statutory language of § 212(a)(3)(B) does not permit an individual to adjust status if that individual has supported or contributed material support to an organization defined as a terrorist organization acting against, in this case, the Ivoirian Government. However, in granting his application for asylum, the IJ necessarily determined that none of the statutory bars to admissibility applies to the Plaintiff. *See 8 U.S.C. § 1158(b)(2)*. Given that one of these statutory bars applies if the applicant has engaged in "terrorist activity" under 8 U.S.C. § 1158(b)(2)(A)(v), the IJ's decision also suggested that Plaintiff's involvement with FESCI and MPCI did not constitute "terrorist activity" and thus did not render him statutorily ineligible for an adjustment of status. Plaintiff, therefore, is prima facie eligible to adjust status to LPR.

28. Furthermore, the Secretaries of State and Homeland Security, in consultation with the Attorney General, have, since August 2012, exercised discretionary authority regarding exemptions to § 212(a)(3)(B). In a series of Policy Memorandum dated September 26, 2012 (Limited General Exemption), and May 8, 2015 (Certain Limited and Insignificant Material Support), USCIS states that it may now consider discretionary exemptions. Therefore, currently, USCIS clearly has the authority to consider and adjudicate Plaintiff's I-485 Application that has been pending for over five years.

29. Factors to consider in the granting of discretionary relief based on the above Policy Memoranda include: existing immigration benefits such as asylum, the organization must not have targeted U.S. interests or persons, or identified with Al-Qaida and the Taliban, the individual must not have received military training that poses a risk to the United States or its interests, the individual does not pose a danger to the safety and security of the United States.

30. Plaintiff SOUMAHORO was granted asylum. FESCI and MPCI did not target U.S. interests or persons and were not identified with Al-Qaida and the Taliban. Plaintiff did not receive military training and has lived peacefully in the United States for nearly 8 years. Between 2010 and 2015, Plaintiff taught at The University of Oklahoma (a Public Academic Institution) as a Graduate Teaching Instructor while pursuing his PhD in Economics, a degree he obtained in May 2015. He is the father of a United States Citizen 3-year-old child. He undeniably merits a discretionary exemption in the totality of the circumstances review.

## VI.    CLAIMS FOR RELIEF

31. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants have unreasonably and failed to perform a mandatory action in adjudicating Plaintiff's I-485 Application for an unreasonable length of time (over five

years), thereby depriving Plaintiff of his right to Lawful Permanent Residence status and the benefits to which he is entitled.

32. The Defendants, in violation of the Administrative Procedures Act, 5 USC § 701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiff's case and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

33. Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendants' delay.

## VII.   INJURIES TO PLAINTIFF

34. The USCIS' unreasonable delay in adjudicating the subject I-485 Application and the failure of Defendants to act in accord with their duties under law are causing Plaintiff substantial harm. Plaintiff's ability to work and travel abroad is tied to his asylum status and is limited to increments not to exceed one year. Plaintiff has been required to repeatedly apply for renewal of travel document, to the continued inconvenience of Plaintiff. Plaintiff ability to plan for the future has been constrained by his pending I-485 Application.

35. The USCIS' unreasonable delay is preventing Plaintiff from obtaining LPR status in the United States. This status would provide Plaintiff with the following benefits: the right to remain lawfully in the United States and not be subject to deportation; and the right to pursue US citizenship through naturalization.

36. The indeterminate nature of the USCIS' unreasonable delay and the uncertainty it brings in terms of job security as well as emotional and psychological stability has also caused Plaintiff, his spouse and his 3-year-old US-born child undue stress that could potentially harm the child in long run.

37. Plaintiff has been further damaged by being deprived of the status of permanent resident during the interminable pendency of his I-485 Application. Said deprivation includes, but is not limited to: loss of employment opportunities; possible termination of employment; limitations on the ability to purchase property.

## VIII.   PRAYER

38. WHEREFORE, in view of the arguments and authorities noted herein, Plaintiff respectfully prays that this Honorable Court:

    a.   Compel Defendants to adjudicate Plaintiff's pending I-485 Application;

    b.   Compel Defendants to complete all necessary steps and adjudicate the subject I-485 Application within fourteen (14) days of an Order of this Honorable Court;

    c.   Grant such other and further relief as this Honorable Court deems proper under the circumstances.

Respectfully submitted on this 24th day of June 2016.

SOULEYMANE SOUMAHORO

4998 Battery Lane Apt 407

Bethesda, MD 20814

Tel: (405) 889-7416

Plaintiff

# EXHIBIT A

# Fingerprint Fee Was Received

On March 10, 2011, we accepted the fingerprint fee for your Form I-485, Application to Register Permanent Residence or to Adjust Status, Receipt Number SRC1190135674. Our Texas Service Center location is working on your case. We mailed you a notice describing how we will process your case. Please follow the instructions in the notice. If you move, go to www.uscis.gov/addresschange to give us your new mailing address.



Enter Another Receipt Number

CHECK STATUS

# EXHIBIT B

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

# THE UNITED STATES OF AMERICA

| | |
|---|---|
| Fingerprint Notification | **NOTICE DATE** June 18, 2009 |
| **CASE TYPE** I589 Application For Asylum | **USCIS A#** A 087 575 206 |
| **RECEIPT NUMBER** ZHN0900006320 | **RECEIVED DATE** June 15, 2009 | **PRIORITY DATE** June 15, 2009 | **PAGE** 1 of 1 |

**APPLICANT NAME AND MAILING ADDRESS**
SOULEYMANE SOUMAHORO
1111 OAK TREE AVE 115
NORMAN OK 73072

BIOMETRICS PROCESSING STAMP
ASC SITE CODE: XDD
BIOMETRICS QA REVIEW BY:
263621 ON JUN 2 3 2009
TENPRINTS QA REVIEW BY:
263621 ON JUN 2 3 2009

You have been scheduled to appear at the below USCIS Application Support Center (ASC) to be fingerprinted and photographed (biometrics collection) during the 14-day period specified below. Completion of background identity and security checks is required in order to process your application.

**Address**

USCIS OKLAHOMA CITY
4400 S.W. 44TH ST.
SUITE A
OKLAHOMA CITY OK 731192800

**14-Day Period**
06/22/2009
07/05/2009

**Hours of Operation**
**CLOSED ON FEDERAL HOLIDAYS**
Sat, Sun Closed
Mon-Fri 8am-4pm

Failure to appear as scheduled for fingerprinting and biometrics collection during the 14-Day period may delay eligibility for work authorization and/or result in an asylum officer dismissing your asylum application, and/or referring it to an Immigration Judge.

When you appear for fingerprinting and biometrics collection, you MUST BRING THIS LETTER. Even if you are scheduled at the same time as your family members, each individual must bring his or her own notice. If you do not bring this letter, you will not be able to have your fingerprints taken. This may cause a delay in the processing of your application and your eligibility for work authorization. You should also bring photo identification such as a passport, valid driver's license, national ID, military ID, State-issued photo ID, or USCIS-issued photo ID. If you do not have any photo identification, please expect a minor delay, as you will need to be interviewed by a USCIS officer regarding your identity. Note: Asylum applicants are not required to present identification documents in order to have fingerprints and biometrics collected.

Please note that the staff at the ASC will not be able to answer any questions about the status of your application. We appreciate your patience during the process.

Pursuant to Section 265 of the Immigration and Nationality Act, you are required to notify the USCIS, in writing, of any address changes, within 10 days of such change. If you were placed in removal proceedings before an Immigration Judge, you are also required to notify the Immigration Court having jurisdiction over your case of any change of address within 5 days of such change, on Form EOIR-33. Include your name, signature, address, and USCIS A# on any written notice of change of address. The USCIS will use the last address you provided for all correspondence, and you are responsible for the contents of all USCIS correspondence sent to that address. Failure to provide your current address as required may result in dismissal or referral of your asylum application, institution of removal proceedings, the entry of a removal order in your absence if you fail to appear for a hearing before an immigration judge, and removal from the United States. If you have any questions or comments regarding the status of your application, please contact the office with jurisdiction over your application.

| | |
|---|---|
| If you have any questions regarding this notice, please call 1-800-375-5283. | APPLICANT COPY |



# EXHIBIT C

U.S. Department of Homeland Security
. O. Box 670626
Houston, TX 77267-0262



**U.S. Citizenship
and Immigration
Services**

Date: July 15, 2009

SOULEYMANE SOUMAHORO
1111 OAK TREE AVE 115
NORMAN, OK 73072

RE:    SOUMAHORO, SOULEYMANE  A087575206

<u>**Referral Notice**</u>

Dear Mr. Soumahoro,

This letter refers to your request for asylum in the United States (Form I-589).

Applicants for asylum must credibly establish that they have suffered past persecution or have a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, and that they merit a grant of asylum in the exercise of discretion.

For the reason(s) indicated below, U.S. Citizenship and Immigration Services (USCIS) has not granted your claim for asylum:

You have not established that you are a refugee because:

After careful consideration of all available information and explanations at your asylum interview, your claim was deemed not credible on the basis of:

Material inconsistency(ies) between your testimony and application and/or other evidence.

Material inconsistency(ies) within your testimony.

Brief Explanation:

---On your asylum application you did not provide any employment, but in another government document you indicated working for the West African Central Bank. Your government paid for all of your expenses tantamount to being a benefactor and not as being a persecutor. You indicated a necessity for studying English in the United States to obtain your Master's degree when in actuality you recieved your Master's degree before coming to the United States.

Based on the above reasons(s), your asylum application has been referred to an immigration judge for adjudication in removal proceedings before the U.S. Department of Justice, Executive Office for Immigration Review. **This is not a denial of your asylum application.** You may request asylum again before the immigration judge and your request will be considered (without additional refiling) when you appear before an immigration judge at the date and time listed on the attached charging document. The determinations that we have made in referring your application are not binding on the immigration judge, who will evaluate your

SOUMAHORO, SOULEYMANE A087575206
Page 2

claim anew. This referral includes the dependents included in your asylum application, who are listed on the first page of this notice.

If your asylum application was filed on or after January 4, 1995, the following information applies to you. If you appeared in person on your scheduled appointment date to receive and acknowledge receipt of the decision, or you were informed not to appear in person, this referral has no effect on when you may apply for employment authorization. If an immigration judge does not deny your asylum application within 150 days of the date your asylum application was first filed in accordance with 8 C.F.R. §§ 208.3 and 208.4 (not including any delays in processing you may have sought or caused), then you will be eligible to submit a Form I-765 request for employment authorization. The earliest possible date you are eligible to apply for employment authorization is 11/12/09. Your failure to appear at a scheduled appointment will extend the period of time you must wait before you may apply for employment authorization by the number of days between the missed appointment and your appearance at a hearing before an immigration judge. If you fail to appear for the scheduled hearing before the immigration judge and such failure is not excused, employment authorization will not be granted.

Sincerely,

for Marie Hummert
Director
HOUSTON ASYLUM OFFICE

CC:    SHEVON GREENE
       1501 N CLASSEN BLVD
       OKLAHOMA CITY, OK 73106

U. S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

**RECEIVED JUL 1 7 2009**

File No:  A087575206

In the Matter of:

Respondent:   SOUMAHORO, SOULEYMANE

currently residing at:

1111 OAK TREE AVE 115  NORMAN, OK 73072-0000

405-889-7416

(Number, street, city, state and ZIP code)

(Area code and phone number)

☐   1.  You are an arriving alien.

☐   2.  You are an alien present in the United States who has not been admitted or paroled.

☒   3.  You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that:

1) You are not a citizen or national of the United States.

2) You are a native of COTE D'IVOIRE and a citizen of COTE D' IVORE;

3) You were admitted to the United States at DENVER, CO (A) on or about August 12, 2008 as a nonimmigrant J1 Exchange visitor with authorization to remain in the United States for a temporary period not to exceed May 15, 2009 ;

4) You remained in the United States beyond May 15, 2009 without authorization.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237 (a) (1) (B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a) (15) of the Act, you have remained in the United States for a time longer than permitted.

☐   This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐   Section 235(b)(1) order was vacated pursuant to:   ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

**YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:**

4400 SW 44TH STREET,   ROOM 167, OKLAHOMA CITY, OK 73119-0000

(Complete Address of Immigration Court, including Room Number, if any)

on   4-6-10   at   8:30 A.M.   to show why you should not be removed from the United States based on
(Date) (Time)
the charge(s) set forth above.

CHRISTOPHER VU
SUPERVISORY ASYLUM OFFICER - 2+4 W

(Signature and Title of Issuing Officer)

Date:   7-15-09

HOUSTON, TX
(City and State)

See reverse for important information

Form I-862(Rev. 3/22/99)N

### Notice to Respondent

**Warning:  Any statement you make may be used against you in removal proceedings.**

**Alien Registration:**  This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings.  You are required to carry it with you at all times.

**Representation:**  If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16.  Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel.  A list of qualified attorneys and organizations who may be available to represent you at no cost will provided with this Notice.

**Conduct of the hearing:**  At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case.  If any document is in a foreign language, you must bring the original and a certified English translation of the document.  If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear.  You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.  At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily.  You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:**  You are required to provide the INS, in writing, with your full mailing address and telephone number.  You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding.  You will be provided with a copy of this form.  Notices of hearing will be mailed to this address.  If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing.  If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing.  I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before: _____

_____          Date: _____
(Signature and Title of  INS Officer)

---

### Certificate of Service

This Notice To Appear was served on the respondent by me on  **7-15-09** , in the following manner and in
(Date)

compliance with section 239(a)(1)(F) of the Act:

☐ in person          ☐ by certified mail, return receipt requested          ☒ by regular mail

☐ Attached is a credible fear worksheet.

☒ Attached is a list of organizations and attorneys which provide free legal services.

The alien was provided oral notice in the _____ language of the time and place of his or her hearing
and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____          _____
(Signature of Respondent if Personally Served)          (Signature and Title of Officer)

Form I-862(Rev. 3/22/99)N

# EXHIBIT D

Ms Shevon Gre je

**RECEIVED** AUG 2 5 2009

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
1100 COMMERCE ST., ROOM 404
DALLAS, TX  75242

**ATTENTION !!!**
**Your hearing has been**
**Rescheduled. Please NOTE**
**New hearing DATE & TIME**

RE:  SOUMAHORO, SOULEYMANE
FILE:  A087-575-206

DATE:  Aug 21, 1909

TO:

SOUMAHORO, SOULEYMANE
1111 OAK TREE AVE. 115
NORMAN, OK  73072

Please take notice that the above captioned case has been scheduled for a MASTER hearing before the Immigration Court on Sep 15, 2009 at 08:30 A.M. at:

4400 SOUTHWEST 44TH. ST RM. 167
OKLAHOMA CITY, OK  73119
You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed. You can request an earlier hearing in writing.
Failure to appear at your hearing, except for exceptional circumstances may result in one or more of the following actions: (1) You may be taken into custody by the Department of Homeland Security and held for further action. OR (2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of removal will be entered against you if the Department of Homeland Security established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.
IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT DALLAS, TX  THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33. ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR. IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS." CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.
A list of free legal service providers has been given to you. For information regarding the status of your case, call toll free 1-800-898-7180 or 703-305-1662.

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] DHS
DATE: 9/1/09    BY: COURT STAFF _____    V3
Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

# EXHIBIT E

UNITED STATES IMMIGRATION COURT
1100 COMMERCE ST., ROOM 404
DALLAS, TX 75242

IN THE REMOVAL CASE OF                          CASE NO.: A087-575-206
SOUMAHORO, SOULEYMANE
RESPONDENT

## ORDERS

[✓] This is a memorandum of the Court's Decision and Orders entered on
_____2/4/10_____. This memorandum is solely for the
convenience of the parties. The oral or written Findings, Decision
and Orders is the official opinion in this case. ( ) Both parties
waived issuance of a formal oral decision in the case.

[ ] The respondent was ordered REMOVED from the United States to
_____ ( ) in absentia.

[ ] Respondent's application for VOLUNTARY DEPARTURE was DENIED and
respondent was ordered removed to _____, in the
alternative to _____.

[ ] Respondent's application for VOLUNTARY DEPARTURE was GRANTED until
_____, upon posting a voluntary departure bond in the amount
of $_____ to DHS within five business days from the date of this
Order, with an alternate Order of removal to _____
or _____. Respondent shall present to DHS within
( ) thirty days ( ) sixty days from the date of this Order, all
necessary travel documents for voluntary departure.

[✓] Respondent's application for ASYLUM was (✓) granted ( ) denied
( ) withdrawn with prejudice.
( ) subject to the ANNUAL CAP under the INA section 207(a)(5).
( ) Respondent knowingly filed a FRIVOLOUS asylum application.

[✓] Respondent's application for WITHHOLDING of removal under INA
section 241(b)(3) was ( ) granted ( ) denied (✓) withdrawn with
prejudice.

[✓] Respondent's application for WITHHOLDING of removal under the Torture
Convention was ( ) granted ( ) denied (✓) withdrawn with prejudice.

[✓] Respondent's application for DEFERRAL of removal under the Torture
Convention was ( ) granted ( ) denied (✓) withdrawn with prejudice.

[ ] Respondent's application for CANCELLATION of removal under section
( ) 203(b) of NACARA, ( ) 240A(a) ( ) 240A(b)(1) ( ) 240A(b)(2)
of the INA, was ( ) granted ( ) denied ( ) withdrawn with prejudice.
If granted, it was ordered that the DHS issue all appropriate documents
necessary to give effect to this Order. Respondent ( ) is ( ) is not
subject to the ANNUAL CAP under INA section 240A(e).

[ ] Respondent's application for a WAIVER under the INA section
_____ was ( ) granted ( ) denied ( ) withdrawn or
( ) other _____. ( ) The conditions imposed by
INA section 216 on the repondent's permanent resident status were removed.

[ ] Respondent's application for ADJUSTMENT of status under section _____
of the ( ) INA ( ) NACARA ( ) _____ was
( ) granted ( ) denied ( ) withdrawn with prejudice. If granted,
it was ordered that DHS issue all appropriate documents necessary to
give effect to this Order.

CASE NUMBER: 087-575-206          RESPONDENT: SOUMAHORO, SOULEYMANE

[ ] Respondent's status was RESCINDED pursuant to the INA section 246.
[ ] Respondent's motion to WITHDRAW his application for admission was
    ( ) granted  ( ) denied.  If the respondent fails to abide by any of
    the conditions directed by the district director of DHS, then the
    alternate Order of removal shall become immediately effective without
    further notice or proceedings:  the respondent shall be removed from
    the United States to _____ .
[ ] Respondent was ADMITTED as a _____ until
    _____ .  As a condition of admission, the respondent was
    ordered to post a $ _____ bond.
[ ] Case was ( ) TERMINATED  ( ) with  ( ) without prejudice
    ( ) ADMINISTRATIVELY CLOSED.
[ ] Respondent was orally advised of the LIMITATION on discretionary
    relief and consequences for failure to depart as ordered.
    [ ] If you fail to voluntarily depart when and as required, you shall
    be subject to civil money penalty of at least $1,000, but not more than
    $5,000, and be ineligible for a period of 10 years for any further
    relief under INA sections 240A, 240B, 245, and 248 (INA Section 240B(d)).
    [ ] If you are under a final order of removal, and if you willfully fail
    or refuse to 1) depart when and as required, 2) make timely application
    in good faith for any documents necessary for departure, or 3) present
    yourself for removal at the time and place required, or, if you conspire
    to or take any action designed to prevent or hamper your departure, you
    shall be subject to civil money penalty of up to $500 for each day under
    such violation.  (INA section 274D(a)).  If you are removable pursuant
    to INA 237(a), then you shall further be fined and/or imprisoned for up
    to 10 years.  (INA section 243(a)(1)).
[ ] Other: _____

_____

_____

Date:  Feb 4, 2010

                                    MICHAEL P. BAIRD, Judge

APPEAL: ( ✓ ) waived  ( ) reserved   by  ( ) Respondent  ( ) DHS  ( ✓ ) Both

DUE BY:

_____
                    CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  [ ] MAIL      [ ✓ ] PERSONAL SERVICE
TO: [ ✓ ] DHS  [ ] ALIEN  [ ✓ ] Alien's ATT/REP  [ ] ALIEN c/o Custodial Officer
DATE: 2/4/10  BY: [ ] COURT STAFF  [ ✓ ] JUDGE

Y2

# EXHIBIT F

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

THE UNITED STATES OF AMERICA

| | |
|---|---|
| **NOTICE TYPE** <br> Receipt | **NOTICE DATE** <br> March 10, 2011 |
| **CASE TYPE** <br> I-485, Application to Register Permanent Residence or Adjust Status | **USCIS ALIEN NUMBER** <br> A087575206 |
| **RECEIPT NUMBER** <br> SRC1190135674 | **RECEIVED DATE** <br> March 09, 2011 | **PAGE** <br> 1 of 1 |
| **PRIORITY DATE** | **PREFERENCE CLASSIFICATION** | **DATE OF BIRTH** <br> January 01, 1982 |

**APPLICANT/PETITIONER NAME AND MAILING ADDRESS**

||||||||||||||||||||||

4 · 962

SOULEYMANE SOUMAHORO
310 WADSACK DR APT H
NORMAN, OK 73072

**PAYMENT INFORMATION:**

Application/Petition Fee:   $985.00
Biometrics Fee:   $85.00
Total Amount Received:   $1,070.00
Total Balance Due:   $0.00

The above application/petition has been received by our office and is in process.

Please verify your personal information listed above and immediately notify the USCIS National Customer Service Center at the phone number listed below if there are any changes.

Please note that if a priority date is printed on this notice, the priority does not reflect earlier retained priority dates.

Next Steps:
- USCIS will schedule a biometrics appointment for you to have your biometrics electronically captured at a USCIS Application Support Center (ASC). You will be receiving a biometrics appointment notice by mail with the specific date, time, and place where you will have your fingerprints and/or photographs taken.
- You must wait to receive your biometrics appointment notice before going to the ASC for biometrics processing.
- This notice does not serve as your biometrics appointment notice.

If you have questions about possible immigration benefits and services, filing information, or USCIS forms, please call the USCIS National Customer Service Center (NCSC) at 1-800-375-5283. If you are hearing impaired, please call the NCSC TDD at 1-800-767-1833. Please also refer to the USCIS website: www.uscis.gov.

If you have any questions or comments regarding this notice or the status of your case, please contact our customer service number.

You will be notified separately about any other case you may have filed.

**USCIS Office Address:**

USCIS
Texas Service Center
P.O. Box 851488
Mesquite, TX 75185-1488

**USCIS Customer Service Number:**

(800)375-5283
APPLICANT COPY



# EXHIBIT G

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

# THE UNITED STATES OF AMERICA

I-131 SRC-1190147544

## ASC Appointment Notice

| APPLICATION NUMBER | | | NOTICE DATE |
|---|---|---|---|
| SRC1190135674 | | | 3/17/2011 |

| CASE TYPE | SOCIAL SECURITY NUMBER | USCIS A# | CODE |
|---|---|---|---|
| I485 Application to Register Permanent Resident or Adjust Status | | A087575206 | 3 |

| TCR | SERVICE CENTER | PAGE |
|---|---|---|
| | TSC | 1 of 1 |

BIOMETRICS PROCESSING STAMP

SOULEYMANE SOW
310 WADSACK DR
NORMAN, OK 73072

ASC CODE:
BIOMETRICS QA REVIEW BY:
ON    APR  6 2011
TENPRINTS QA REVIEW BY:
ON    APR  6 2011

To process your application, the U.S. Citizenship & Immigration Services (USCIS) must capture your biometrics.
**PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE DATE AND TIME SPECIFIED.**
**IF YOU FAIL TO APPEAR AS SCHEDULED, YOUR APPLICATION WILL BE CONSIDERED ABANDONED.**

| APPLICATION SUPPORT CENTER | |
|---|---|
| USCIS OKLAHOMA CITY | **PLEASE READ THIS ENTIRE NOTICE CAREFULLY.** |
| 4400 S.W. 44TH ST | |
| SUITE A | **DATE AND TIME OF APPOINTMENT** |
| OKLAHOMA CITY, OK 73119 | 04/06/2011 |
| | 2:00 PM |

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR BIOMETRICS TAKEN, YOU MUST BRING:**
1. **THIS APPOINTMENT NOTICE** and
2. **PHOTO IDENTIFICATION.** Applicants must bring their Permanent Resident Card/Resident Alien Card, or a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, your biometrics may not be taken.

**CELL PHONES, CAMERAS, OR OTHER RECORDING DEVICES ARE NOT PERMITTED.**

### REQUEST FOR RESCHEDULING

☐ Please reschedule my appointment. Upon receipt of your request, you will be provided a new appointment notice. Make a copy of this notice for your records, then mail the original with your request to USCIS OKLAHOMA CITY, 4400 S.W. 44TH ST, SUITE A, OKLAHOMA CITY, OK 73119

| APPLICATION NUMBER | |
|---|---|
| I485 | SRC1190135674 |

If you have any questions regarding this notice, please call 1-800-375-5283.

**WARNING:** *Due to limited seating availability in our lobby area, only persons who are necessary to assist with transportation or completing the biometrics worksheet should accompany you. If you have open wounds or bandages/casts when you appear, the USCIS may reschedule your appointment if it is determined your injuries will interfere with taking your biometrics.*

T1K322110451TSC
11118  + 15 days

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| ASC Appointment Notice | | APPLICATION NUMBER SRC1190135674 | | NOTICE DATE 8/1/2012 |
|---|---|---|---|---|
| CASE TYPE 1485 Application to Register Permanent Resident or Adjust Status | | SOCIAL SECURITY NUMBER | USCIS A# A087575206 | CODE 2 |
| | | TCR | SERVICE CENTER TSC | PAGE 1 of 1 |

SOULEYMANE SOUMAHORO
310 WADSACK DR APT H
NORMAN, OK 73072

To process your application, the U. S. Citizenship & Immigration Services (USCIS) must capture your biometrics.
**PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE DATE AND TIME SPECIFIED.
IF YOU FAIL TO APPEAR AS SCHEDULED, YOUR APPLICATION WILL BE CONSIDERED ABANDONED.**

| APPLICATION SUPPORT CENTER | |
|---|---|
| USCIS OKLAHOMA CITY | **PLEASE READ THIS ENTIRE NOTICE CAREFULLY.** |
| 4400 S.W. 44TH ST | **DATE AND TIME OF APPOINTMENT** |
| SUITE A | 08/22/2012 |
| OKLAHOMA CITY, OK 73119 | 2:00 PM |

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR BIOMETRICS TAKEN, YOU MUST BRING:**
1. **THIS APPOINTMENT NOTICE** and
2. **PHOTO IDENTIFICATION.** Applicants must bring their Permanent Resident Card/Resident Alien Card, or a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, your biometrics may not be taken.

**CELL PHONES, CAMERAS, OR OTHER RECORDING DEVICES ARE NOT PERMITTED.**

### REQUEST FOR RESCHEDULING
☐ Please reschedule my appointment. Upon receipt of your request, you will be provided a new appointment notice. Make a copy of this notice for your records, then mail the original with your request to BPU, Alexandria ASC, Suite 100, 8850 Richmond Hwy, Alexandria, VA 22309-1586

APPLICATION NUMBER
I485    -   SRC1190135674



If you have any questions regarding this notice, please call 1-800-375-5283.

**WARNING:** *Due to limited seating availability in our lobby area, only persons who are necessary to assist with transportation or completing the biometrics worksheet should accompany you. If you have open wounds or bandages/casts when you appear, the USCIS may reschedule your appointment if it is determined your injuries will interfere with taking your biometrics.*

# EXHIBIT H





**U.S. Department of Homeland Security**
P.O. BOX 851488 - DEPT. A
TEXAS SERVICE CENTER
MESQUITE,TX 75185



# U.S. Citizenship and Immigration Services

Friday, December 2, 2011

SOULEYMANE SOUMAHORO
310 WADSACK DR APT H
NORMAN OK 73072

Dear Souleymane Soumahoro:

On 11/18/2011 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| **Caller indicated they are:** | Applicant or Petitioner |
| **Attorney Name:** | Information not available |
| **Case type:** | I485 |
| **Filing date:** | 03/09/2011 |
| **Receipt #:** | SRC-11-901-35674 |
| **Referral ID:** | T1K3221100451TSC |
| **Beneficiary (if you filed for someone else):** | Information not available |
| **Your USCIS Account Number (A-number):** | A087575206 |
| **Type of service requested:** | Outside Normal Processing Times |

The status of this service request is:

Thank you for your inquiry.

The processing of your case has been put on hold because you appear to be inadmissible pursuant to the terrorist-related grounds of inadmissibility under section 212 (a)(3)(B) of the Immigration and Nationality Act (INA).

In late 2001, the USA PATRIOT Act significantly broadened the definitions of terrorist-related activity and of terrorist organizations. Additional amendments to the INA, such as with the REAL ID Act of 2005, further expanded the reach of the terrorist-related inadmissibility provisions at INA section 212(a)(3)(B). As a result, many individuals, including individuals whose cases were adjudicated before late 2001, are now affected by these inadmissibility provisions. Individuals may fall under these provisions even if their actions were, for example, carried out under duress or were carried out in support of resistance groups. Individuals who engage in terrorist-related activity, as currently defined in the INA, are not eligible to receive most immigration benefits.

To address the situation of individuals affected by the amended terrorist-related inadmissibility provisions, but who do not pose a threat to the United States, Congress has passed laws providing the Secretary of Homeland Security with the discretionary authority to exempt individuals from these provisions in some cases. Since late 2006, pursuant to existing exercises of the Secretary of Homeland Security?s discretionary exemption authority, U.S. Citizenship and Immigration Services (USCIS) has exempted individuals from the terrorist-related inadmissibility grounds that would otherwise apply to them in approximately 11,000 eligible cases. However, thousands of cases remain on hold because, while there is currently no exercise of the exemption authority that applies to these cases, the applicants appear to be otherwise eligible for the benefit sought and may benefit from future exercises of the Secretary?s exemption authority.

EXHIBIT I

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL #1330

| | |
|---|---|
| Postage | $ .66 |
| Certified Fee | 3.10 |
| Return Receipt Fee (Endorsement Required) | 2.55 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.31 |

Postmark Here — SHEPHARD MALL CPU — MAY 21 2013 — USPS OKC 73107

Sent To USDHS/USCIS/TSC
Street, Apt. No.; or PO Box No. PO Box 851041
City, State, ZIP+4 Mesquite, TX 75185-1041

PS Form 3800, August 2006                 See Reverse for Instructions

7011 2000 0001 4266 3865

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
US Department of Homeland
Security
US Citizenship and Immigration
Services
Texas Service Center
PO Box 851041
Mesquite, TX 75185-1041

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )
C. Date of Delivery
MAY 2 4 A.M. 2013 23

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)
7011 2000 0001 4266 3865

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



**CATHOLIC CHARITIES**
ARCHDIOCESE OF OKLAHOMA CITY
SERVING CENTRAL & WESTERN OKLAHOMA

May 21, 2013

CERT MAIL: 7011 2000 0001 4266 3865

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Texas Service Center
PO Box 851041
Mesquite, TX 75185-1041

*RE:*   *Amendment of Form I-485*
*SOUMAHORO, Souleymane*
*Receipt # SRC1190135674*
*A# 087-575-206*

Dear Officer:

As allowed by law, Mr. Soumahoro submitted his I-485 Application to Adjust

Status to Permanent Resident on March 9, 2011.   The application was received and bears

receipt number SRC-11-901-35674.

The answer to Part 3, Question 15 b is incorrectly answered.   Mr. Soumahoro

marked "Yes" when it should be "No."   Mr. Soumahoro has never received any military,

weapons, or combat training.   In his Application to Adjust Status he mistakenly marked

that he had served in a jail.   This is due to a misunderstanding.   He believed that the

question asked whether he had *served time* in a jail.   Mr. Soumahoro has been arrested

and detained on various occasions due to his ethnicity and so marked "Yes."

Mr. Soumahoro attached an addendum to his application explaining that he had

been arrested, when, and why.   He notably did not explain his answer by discussing

membership in a militia, guard duty, or other similar circumstance. This makes it clear



| 1501 N Classen Blvd | 1217 Knox Ave | 710 W Maine | 1930 NW Ferris Ave Ste 8 | 400 NE 12th St Ste B |
|---|---|---|---|---|
| Oklahoma City, OK 73106 | Clinton, OK 73601 | Enid, OK 73701 | Lawton, OK 73507 | Guymon, OK 73942 |
| P: 405.523.3000 | F: 580.323.6363 | D: 580.237.7352 | P: 580.353.1811 | F: 580.468.0904 |

that his erroneous answer stems from his belief that the question asked about prison

sentences served rather than serving as a guard or official in a prison. The question, if

read alone, would appear to ask about jail time or prison sentences served. Thus, his

misunderstanding.

Attached to this application is a sworn statement from Mr. Soumahoro that he has

never had any military, weapons, or combat training. He also swears that he has never

"Served in any prison, jail, prison camp, detention facility, labor camp, or any other

situation that involved detaining persons."[1] He has been in such a facility as a captive,

but never as a guard, jailor, warden, or similar capacity. He apologizes for any

inconvenience and for the misunderstanding.

If you have any questions in regards to this or any other matter, please contact me

at (405) 523-3001. Thank you for your attention to this matter.

Sincerely,

Kate Barber
Attorney at Law

---

[1] See Form I-485 Part 3, Question 15 b.

### Statement

I, **Souleymane Soumahoro**, declare under penalty of perjury under the laws of the United States that the following is true to the best of my knowledge and accurate to the best of my ability.

My name is Souleymane, Soumahoro. I was born on January 1st 1982 in Danane, Cote d'ivoire, and I currently reside at 310 Wadsack Drive Apt H, Norman OK 73072 United States. I make this statement to clarify that I misunderstood the **Question C-15 Part b on the form I-485 Page 4** when I was filing the application to adjust status (**SRC1190135674**), received by the USCIS on **March 9, 2011**.

The question states:

### 15. Have you EVER:

b. *Served in any prison, jail, prison camp, detention facility, or any other situation that involved detaining persons?*

Although I never served in any kind of detention center, I mistakenly answered "Yes" to this question because I misunderstood what it meant. At the time I filed the form I-485, I thought the question was asking whether or not **I had served any jail time in my life**. In other words, I thought that the question was asking whether or not I had been arrested in the past.

Consistent with my misunderstanding, when I was required by the guidelines of the filing instructions to explain my answer on a separate piece of paper, I wrote the following:

### Addendum to I-485 Page 4, Part 3, Question C-15.

*I was arrested and detained twice in Cote d'Ivoire. The first time, I was arrested in May 1999 by Henri-Konan Bedie's government. At this time, the government had banned FESCI from operating in Cote d'Ivoire, and we didn't believe that this decision was appropriate because it contravened our constitutional principles. So, we planned a demonstration to demand that the legality of our organization be recognized. The night before the planned demonstration I was arrested and taken to military camp where I was tortured. Several days later, I was released without being charged.*

*I was detained a second time in October of 2001 when my coordination of FESCI sent me to Katiola in order to investigate allegations that students had been expelled from their high school by the administration. During this mission, I was arrested on charges of perpetuating unrest of behalf of Alassane Ouattara. I was detained, jailed, and tortured.*

As it is evident in the addendum, the explanation I provided to justify why I answered "Yes" did not contain any reference about me serving in jail as a jailor or a guard. On the contrary, I explained the circumstances under which I was arbitrarily detained twice in my country. In sum, I have never "*Served in any prison, jail, prison camp, detention facility, or any other situation that involved detaining persons*". Therefore my answer to the question C-15 part b on the form I-485 Page 4 is "No".

Signed this __2__ day of __March__, 2013.

Respectfully submitted,

County of ~~Oklahoma~~ Cleveland   )
                                    )        ss
State of Oklahoma                   )

Subscribed and sworn to before me the __2__ day of __March__, 2013.

Notary Public

> KELLY L. PASUTTI
> NOTARY PUBLIC - STATE OF OKLAHOMA
> MY COMMISSION EXPIRES JAN. 13, 2014
> COMMISSION # 06000579

2

# EXHIBIT J

3/26/2016                                Gmail - Application on Hold for TRIG

 **Gmail**                    **Souleymane Soumahoro <soumahoro.souleymane@gmail.com>**

## Application on Hold for TRIG
1 message

**Souleymane Soumahoro <soumahoro.souleymane@gmail.com>**                    Mon, Nov 3, 2014 at 12:07 PM
To: TRIGQuery <TRIGQuery@uscis.dhs.gov>

Dear Immigration Officer,                                •

On 03/09/2011, I filed an application to adjust my status from Asylee to permanent resident (I485). I was informed later that my case is on hold because of the terrorist-related inadmissibility grounds of the Immigration and Nationality Act.

I am writing to ask for more information about the specifics of this TRIG issue regarding my case. In particular, I would like to know what is the organization I have allegedly been associated with that have led my application to be put on hold.

Here are the relevant information about me:

First Name: Souleymane

Last Name: Soumahoro

Case Type: I485

Filing Data: 03/09/2011

Receipt #: SRC-11-901-35674

A-Number: A087575206

Best Regards,

Souleymane, Soumahoro

3/26/2016                                Gmail - FW: Application on Hold for TRIG

 Gmail                    **Souleymane Soumahoro <soumahoro.souleymane@gmail.com>**

---

## FW: Application on Hold for TRIG
1 message

---

**SCOPSSCATA** <SCOPSSCATA@uscis.dhs.gov>                    Fri, Nov 21, 2014 at 1:50 PM
To: "soumahoro.souleymane@gmail.com" <soumahoro.souleymane@gmail.com>

Dear Mr. Soumahoro:


Thank you for your inquiry regarding your I-485 application. Your case has been reviewed. Your application is on hold for inadmissibility relating to INA 212(a)(3)(B). According to a review of your file, you were a member of the Federation of Students in Cote D'Ivoire (FESCI) and Mouvement Patriotique de Cote D'Ivoire (MPCI). FESCI and MPCI met the definition of an undesignated (Tier III) terrorist organization and MPCI meets the definition of an undesignated (Tier III) terrorist organization prior to April 4, 2007.


Adjudication of cases under the new exemptions for certain limited material support and insignificant material support to an organization described in section 212(a)(3)(B)(vi)(III)of the INA, 8 U.S.C. 1182(a)(3)(B)(vi)(III), or to a member of such an organization, or to an individual described in section 212(a)(3)(B)((iv)(VI)(bb) of the INA, 8 U.S.C. 1182(a)(3)(B)(iv)(VI)(bb), available at http://www.gpo.gov/fdsys/pkg/FR-2014-02-05/pdf/2014-02353.pdf and http://www.gpo.gov/fdsys/pkg/FR-2014-02-05/pdf/2014-02357.pdf, will begin as soon as possible. At this time, USCIS cannot give an estimate as to how long it will take for a decision to be rendered in a specific case. Each case is different and may present unique issues for resolution.


In the meantime, please rest assured that USCIS is committed to ensuring that all cases that are eligible for exemptions in accordance with the exercises of authority under INA section 212(d)(3)(B)(i), 8 U.S.C. 1182(d)(3)(B)(i), as amended, are given due consideration based on the facts and circumstances presented. We thank you for your patience.